UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLE DENISE BERMUDEZ, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COMMISSIONER JAMES WARE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 10-CV-05270-LHK <br><br> ORDER DISMISSING CASE WITH PREJUDICE |

Plaintiff filed a "Criminal Complaint" against a number of current and former federal judges, United States Attorneys, Assistant United States Attorneys, and an IRS Special Agent. The United States of America, appearing as *amicus curiae*, now seeks dismissal of the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument and vacates the motion hearing scheduled for February 9, 2011. Having considered the submissions of the parties and the relevant law, the Court hereby dismisses Plaintiff's action with prejudice.

**I. Background**

On November 19, 2010, Plaintiff Nicole Denise Bermudez filed a complaint against current and former federal judges James Ware, Howard Lloyd, Patricia Trumbull, and Susan Cole; current and former United States Attorneys Melinda Haag and Joseph Russoniello; Assistant United States Attorneys Jeffrey Schenk and Brian Stretch; and IRS Special Agent Quyen Madrigal. The

1

1  Complaint itself is entitled "Criminal Complaint, Affidavit of Information" and "Demand for
2  Resolution of Dispute in Commercial Law."  The civil cover sheet submitted by Plaintiff describes
3  her cause of action as "Overturning of Criminal Conviction" and states that the case is brought
4  under 18 U.S.C. § 4, which defines the crime of misprision of felony.
5        Plaintiff's Complaint is largely unintelligible.  Much of the Complaint consists of excerpts
6  from various laws, including sections of the Code of Federal Regulations, the Uniform Commercial
7  Code, a House Joint Resolution, and a statute relating to the gold standard.  *See* Compl. at 8-22.
8  However, as Plaintiff is proceeding *pro se*, the Court has attempted to liberally construe her
9  Complaint to discern causes of action.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)
10 (noting that courts have an obligation to construe *pro se* pleadings liberally and afford *pro se*
11 litigants the benefit of the doubt).  It appears that in April of 2010, Plaintiff appeared in the
12 Northern District of California on criminal charges.[1]  Compl. 7-8.  Plaintiff claims that on April 1,
13 2010, she filed a petition challenging the court's subject matter jurisdiction over the criminal action
14 and presented the petition to Defendants Schenk, Russoniello, Stretch, Madrigal, Lloyd, and Cole.
15 Compl. 7.  On April 2, 2010, she appeared before Magistrate Judge Trumbull, who allegedly
16 refused to inform Plaintiff of the nature of the charges against her and the jurisdiction in which the
17 court was operating.  Compl. 7.  On April 3, 2010, she appeared before District Judge Ware, who
18 also allegedly refused to provide this information.  Compl. 7-8.  Plaintiff also claims that both
19 Judge Trumbull and Judge Ware "refused to acknowledge the settlement of the case produced by
20 the endorsement of the original charging instrument for settlement, setoff, and closure" by Plaintiff.

---

[1] The United States requests judicial notice of the docket sheet and various filings in the criminal proceeding against Plaintiff.  Decl. of Michael T. Pyle in Supp. of United States of America's Mot. to Dismiss ("Pyle Decl.").  On a motion to dismiss, a court may consider facts properly subject to judicial notice, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), including the existence of court dockets and filings in related proceedings.  *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (taking judicial notice of state court docket, filings, and disciplinary proceedings).  The Court therefore takes judicial notice of the docket and filings.  The docket in Plaintiff's criminal case suggests that certain petitions and affidavits referred to in her civil Complaint were filed in the criminal proceeding, and that her motion to dismiss the indictment was denied.  Pyle Decl. Ex. 1, Dkt. Nos.12-15, 21.  The docket sheet also indicates that Plaintiff was convicted on three counts, sentenced to BOP custody, and ordered to pay a substantial sum in restitution.  Pyle Decl. Ex. 1 at 1.  While these filings are helpful in confirming the Court's understanding of the Complaint, the Court does not otherwise rely on them.

*United States District Court*
*For the Northern District of California*

1    Compl. 7. Plaintiff makes similar allegations against Assistant United States Attorney Jeffrey
2    Schenk. Compl. 9. The gravamen of Plaintiff's Complaint thus appears to be that she was denied
3    due process of law during a criminal proceeding in the Northern District of California. Compl. 5,
4    7-9. Plaintiff also claims that the conduct of her criminal proceeding constituted fraud, extortion,
5    theft, and racketeering, and that Defendants are in "contractual default." Compl. 3-4. Plaintiff
6    seeks $8 million in damages. Compl. 27.

Although the United States of America is not a defendant in this action, it seeks dismissal as an *amicus curiae*, asserting its interest in protecting the immunity of its judicial officers, prosecutors, and special agents. *See* 28 U.S.C. § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . ."). Plaintiff has not opposed the United States' motion.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to

1  amend should be granted unless the pleading could not possibly be cured by the allegation of other

2  facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3  **III. Analysis**

4  The United States urges the Court to dismiss this action on a number of grounds.  First, the

5  United States argues that Plaintiff's Complaint falls short of the pleading standard of Rule 8(a)(2).

6  Plaintiff's Complaint consists of 27 single-spaced pages, and the Court has found it very difficult to

7  identify specific causes of action or factual allegations amid the pastiche of information on war,

8  slavery, treason, and commercial crimes presented in Plaintiff's pleading.  While *pro se* complaints

9  must be held to less stringent standards, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se*

10 litigants are not excused from the most basic pleading requirements.  *American Ass'n of*

11 *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).  Given the difficulty of

12 ascertaining the legal and factual allegations contained in Plaintiff's Complaint, the Court agrees

13 that Plaintiff has not complied with the basic requirement, under Rule 8(a)(2), that she provide a

14 short and plain statement of her claim.  Accordingly, Rule 8 provides grounds for dismissal.

15 Second, the United States argues that judicial immunity bars Plaintiff's claims against

16 United States Judges James Ware, Howard Lloyd, Patricia Trumbull, and Susan Cole.  It is well

17 established that judges are entitled to absolute immunity for their judicial acts.  *Swift v. California*,

18 384 F.3d 1184, 1188 (9th Cir. 2004); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th

19 Cir. 2004).  Judicial immunity applies "however erroneous the act may have been, and however

20 injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S.

21 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872)).  Nor

22 may judicial immunity be overcome by allegations of bad faith or malice.  *Mireles v. Waco*, 502

23 U.S. 9, 11 (1991) (per curiam).  To determine whether an act is "judicial" such that immunity

24 applies, the court must consider (1) whether the act in question is a function normally performed by

25 a judge, and (2) whether the plaintiff would have understood that she dealt with the judge in his or

26 her judicial capacity.  *Id.* at 12.  Here, Plaintiff's allegations against the federal judges relate to

27 documents filed or actions taken in the course of a criminal proceeding against Plaintiff.  *See*

28 Compl. 7-9.  Considering petitions, conducting court proceedings, and ruling on motions are acts

4

normally performed by judges, and Plaintiff would have expected Defendants to act in their judicial capacities in performing these functions. Plaintiff alleges no contact with any of the judges outside of the criminal proceedings held in federal court. Accordingly, the Court agrees that absolute judicial immunity applies to the conduct alleged and bars Plaintiff's suit against Defendants Ware, Lloyd, Trumbull, and Cole.

Third, the United States argues that a similar prosecutorial immunity bars this action against Defendants Melinda Haag, Joseph Russoniello, Brian Stretch, and Jeffrey Schenk. Like judges, prosecutors are entitled to absolute immunity for actions that are "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Waggy v. Spokane County Washington*, 594 F.3d 707, 710-11 (9th Cir. 2010). Prosecutorial immunity also extends to the process of plea bargaining. *Briley v. California*, 564 F.2d 849, 856 (9th Cir. 1977). The "touchstone" of prosecutorial immunity is "whether the attorney's actions are 'intimately' or 'closely' associated with the judicial process." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991). In this case, to the extent that Plaintiff alleges specific acts by the prosecutor defendants, her allegations appear to relate solely to the initiation of criminal proceedings, possible plea negotiations, and the presentation of the government's case. Accordingly, the Court agrees that absolute prosecutorial immunity applies to the conduct alleged and bars Plaintiff's suit against Defendants Haag, Russoniello, Stretch, and Schenk.

Fourth, the United States argues that qualified immunity bars this action against Special Agent Madrigal. The Court is reluctant to find qualified immunity based on the vague and somewhat incoherent allegations in Plaintiff's Complaint. However, as the United States points out, the Complaint appears to contain no allegations of wrongful conduct by Special Agent Madrigal. Plaintiff alleges only that she presented Special Agent Madrigal, and several other Defendants, with a petition challenging various aspects of the criminal charges against her. Compl. 7. There is no indication of any conduct by Special Agent Madrigal for which he might be held liable. Accordingly, the Court agrees that Plaintiff has not stated a claim against Special Agent Madrigal.

5

Case No.: 10-CV-05270-LHK
ORDER DISMISSING CASE WITH PREJUDICE

Fourth, the United States argues that Plaintiff's claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held that a prisoner may not recover damages for constitutional violations that would render his conviction unlawful unless and until he demonstrates that his conviction has been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). Although *Heck* dealt with state prisoners seeking damages pursuant to 28 U.S.C. § 1983, the *Heck* doctrine applies equally to suits brought by federal prisoners. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). As discussed above, Plaintiff has described her cause of action as "Overturning of Criminal Conviction," and her Complaint appears to be grounded in allegations that Defendants violated her constitutional right to due process in the course of the criminal proceedings that resulted in her conviction. Plaintiff has not alleged that her conviction has been reversed, invalidated, or otherwise called into question. Accordingly, to the extent that Plaintiff alleges constitutional violations in her criminal proceedings, the Court agrees that Plaintiff's claims are barred by *Heck*.

Finally, the United States argues that to the extent that Plaintiff intends to allege a claim for breach of contract, she cannot establish the existence of an enforceable contract. Plaintiff alleges that Defendants are in "contractual default" because they failed to respond to certain affidavits apparently filed in her criminal case. *See* Compl. 3. The Court agrees that any failure by Defendants to respond to filings in Plaintiff's criminal case does not create a contract and cannot form the basis of a breach of contract claim. *See, e.g.*, *Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.*, 495 F.3d 1078, 1081 (9th Cir. 2007) (finding that without mutual assent, there is no contract); *Crawford v. Gould*, 56 F.3d 1162, 1168 (1995) (noting that mutual assent is required for express and implied contracts). Accordingly, the Court agrees that Plaintiff cannot state a claim for breach of contract.

Based on the foregoing deficiencies in Plaintiff's pleadings, it is clear that Plaintiff's Complaint must be dismissed. Moreover, the Court finds that many of the deficiencies identified cannot be cured by additional factual allegations. Without completely altering the basis of her Complaint, Plaintiff cannot plead around the absolute immunity accorded most of the defendants, nor can she avoid the bar to any alleged due process violations imposed by *Heck*. In addition, the

Court cannot imagine a scenario in which Defendants' failure to respond to Plaintiff's court filings would constitute a breach of contract.  Based on this analysis, the Court concludes that Plaintiff will not be able to amend her Complaint to state a viable claim for relief, and granting leave to amend, therefore, is not appropriate.  Accordingly, the Court will dismiss the instant action with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS the United States' motion to dismiss this action with prejudice.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 4, 2011

_____
LUCY H. KOH
United States District Judge